

1  Brent D. Sokol (State Bar No. 167537)
   Charlotte S. Wasserstein (State Bar No. 279442)
2  JONES DAY
   555 South Flower Street
3  Fiftieth Floor
   Los Angeles, CA  90071.2300
4  Telephone:  1.213.489.3939
   Facsimile:    1.213.243.2539
5  bdsokol@JonesDay.com
   cswasserstein@JonesDay.com
6
7  William Rooklidge (State Bar No. 134483)
   JONES DAY
8  3161 Michelson Drive Suite 800
   Irvine, CA 92612-4408
9  Telephone: 1.949. 851.3939
   Facsimile: 1.949.553.7539
10 wrooklidge@JonesDay.com

11 Attorneys for Plaintiffs
   MUNHWA BROADCASTING CORPORATION;
12 MBC AMERICA HOLDINGS, INC; SEOUL
   BROADCASTING SYSTEM INTERNATIONAL,
13 INC.; and KBS AMERICA, INC.

14 (continued on next page)

**NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUNHWA BROADCASTING CORPORATION, *et al.*,<br><br>  Plaintiffs,<br>  v.<br>DU HYUN SONG aka DOO HYUN SONG aka DYLAN SONG, *et al.*,<br><br>  Defendants. | Case No. CV14-4213-RGK-RZx<br><br>Assigned for all purposes to Hon. R. Gary Klausner<br><br>**[PROPOSED] ORDER RE AMENDED JOINT STIPULATED PROTECTIVE ORDER**<br><br>[Discovery Document:  Referred to Magistrate Judge Ralph Zarefsky] |

[PROPOSED] ORDER RE AMENDED JOINT STIPULATED PROTECTIVE ORDER

Francis S. Ryu, Esq.
Jennifer Chang, Esq.
RYU LAW FIRM
5900 Wilshire Blvd., Suite 2250
Los Angeles, CA  90036
Telephone:  (323) 931-5270
Email:  francis@ryulaw.com

Attorneys for Defendants
DU HYUN SONG AKA DOO HYUN SONG AKA DYLAN SONG, SUNG YOUN KIM, MEDIA JOURNAL, INC., BEST4U, INC. DBA BESTWAY REALTY, CHILBO MYUNOK USA, LLC, COREA B.B.Q., INC. DBA MYUNGDONG TOFU HOUSE, and KEUM S. KANG DBA MISSYLUXY

John Choi, Esq.
Kim, Park, Choi & Yi
3435 Wilshire Blvd., Suite 2150
Los Angeles, CA  90010
Telephone:  (213) 384-7600
Email:  johnchoi@kpcylaw.com

Attorneys for Defendant
BEUL

[PROPOSED] ORDER RE AMENDED JOINT STIPULATED PROTECTIVE ORDER

WHEREAS, the parties to this case, Plaintiffs Munhwa Broadcasting Corporation, MBC America Holdings, Inc., Seoul Broadcasting System International, Inc., and KBS America, Inc. (collectively "Plaintiffs") and Defendants Media Journal, Inc., Du Hyun Song aka Doo Hyun Song aka Dylan Song, Sung Youn Kim, Best4u, Inc. dba Bestway Realty, Chilbo Myunok USA, LLC, Corea BBQ, Inc. dba Myungdong Tofu House, Beul and Keum S. Kang dba Missyluxy (collectively "Defendants"), by and through their respective attorneys of record, have stipulated to the entry of the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c), and having considered the parties' Amended Joint Stipulated Protective Order, and good cause appearing, **IT IS HEREBY ORDERED AS FOLLOWS**:

**IT IS HEREBY ORDERED AS FOLLOWS**:

**1.      Good Cause Statement**

Good cause exists for entry of this Order.  In this case as in many copyright matters, both parties are likely to produce and offer into evidence a variety of confidential documents and testimony.  Both parties agree to this protective order to facilitate the production of such documents.

Plaintiffs contend that the following types of documents are confidential and subject to the protections of this stipulation.  This listing is not all inclusive as there may be documents with different titles, descriptions or content which are also confidential and/or privileged.  As competitors in the marketplace, Plaintiffs maintain the confidentiality of these documents even as amongst one another, and would suffer competitive harm if they were revealed to the public.  Such documents include:

- Communications or documents evidencing Plaintiffs' financial, sales, advertising and marketing data;

- Research and development regarding the copyrighted works and the technology at issue in this case;
- Documents concerning the effect of the technology at issue on subscriptions, viewership and other matters; and
- Internal communications evidencing strategic planning, market share or other proprietary data.

Defendants maintain that the following categories of documents similarly warrant protection under this stipulation:

- Communications or documents evidencing Defendants' financial statements, sales, advertising and marketing data;
- Internal communications evidencing marketing plans, market share, sales plans, sales objectives and other proprietary information; and
- Communications or documents between Defendants and third parties related to confidential financial statements, marketing plans, sales objects and other proprietary data.

## 2. Form of Information Governed

This Order shall govern any document, information or other thing which is designated as containing "Confidential Information" as defined herein, and is furnished by any party or nonparty to any party in connection with this action.

## 3. Definition of Confidential Information

(a) The term "Confidential Information" shall be interpreted to mean ~~trade secrets, other confidential and proprietary technical, research, or development information, commercial, financial, budgeting and/or accounting information, information about existing and potential customers, marketing studies, strategies, performance, and projections, business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, and confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom the Parties to this action have had business relationships,~~

1  ~~and any other information that is reasonably believed by the producing party or~~
2  ~~non-party to be non-public, proprietary or confidential information.~~ those items
3  identified in Paragraph 1 of this Order.
4    (b) The scope of this Order shall be understood to encompass not only
5  those items or things which are expressly designated as Confidential Information,
6  but also any information derived therefrom, and all copies, excerpts, and summaries
7  thereof, as well as testimony and oral conversation derived therefrom or integrally
8  related thereto.
9    (c) The parties agree to treat as confidential any information produced by
10 a third party if (i) the third party has marked the documents or things produced as
11 confidential or otherwise designated the information as confidential in the manner
12 set forth in this Protective Order and (ii) the documents or things produced fall
13 within the definition of Confidential Information.
14   **4.** **Designated Material**
15   (a) In this action, any person or entity or party to this action or third-party
16 witness (including counsel for the party or witness) (hereinafter the "Designating
17 Person") (i) producing, formally or informally, information or material, including
18 information from the inspection of files, documents, and facilities, and documents
19 obtained or received by outside counsel for either party pursuant to pretrial
20 discovery in this action from any other party or third-party witness, in response to a
21 discovery request or otherwise, or (ii) lodging with the Court any information or
22 material, may designate such information or material as Confidential Information
23 under this Order. All such information and material and all information or material
24 derived from any such designated information or material constitutes "Designated
25 Material" under this Order. The form of information protected includes, but is not
26 limited to, documents and things, responses to requests to produce documents or
27 other things, responses to interrogatories, responses to requests for admissions,
28

deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations and portions thereof.

(b) The designation shall be made by marking the material either "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY," or, in the case of information from the inspection of files, documents, or facilities, by informing the inspecting party that the information is either "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" in writing.

(c) The "CONFIDENTIAL – ATTORNEYS EYES ONLY" classification, being more highly protective of disclosure than the "CONFIDENTIAL" classification, governs information that would materially affect the business, financial, or commercial interests of the person producing such material if such information is disclosed. Types of materials that may be entitled to protection under the "CONFIDENTIAL – ATTORNEYS EYES ONLY" designation include, but are not limited to, business plans, marketing plans (including marketing surveys, strategies, performance, and projections), financial statements (including budgets, sales or profit projections or reports, profit and loss statements, balance sheets and income statements), customer lists or any other document that identifies the producing party's customers or potential customers and/or the terms of any relationships with the customers of a producing party, documents that identify the terms of any relationships with the suppliers of a producing party, technical drawings and specifications, and documents related to the development of products.

(d) Designation of information or material as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" under this Protective Order shall not create or alter any presumptions of confidentiality.

(e) Whenever only a portion of a document or thing is properly deemed "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" under this Protective Order, the Designating Person shall, to the extent practicable, limit the designation to such portion of the material.

4
[PROPOSED] ORDER RE AMENDED JOINT STIPULATED PROTECTIVE ORDER

**5.     Access**

Designated Material is subject to this Protective Order and shall be retained by receiving party's outside counsel, and neither the document nor other material so designated, nor the information disclosed therein, shall be disclosed to or used by any non-designating party or other person other than as provided below:

(a)     Material designated "CONFIDENTIAL" shall be disclosed only to (1) the Court under seal, (2) the parties' respective outside counsel (including support staff as reasonably necessary), (3) outside stenographic court reporters and language translators (including support staff as reasonably necessary), (4) the named party or officers or employees of a named party who are reasonably needed to assist outside counsel, (5) the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information, (6) such other individuals as the parties may stipulate in writing, and (7) the additional individuals listed in items (i) through (iii) below, provided that such individuals have read this Stipulation and Protective Order and signed an Undertaking in the form attached as Exhibit A which shall be retained in the files of outside counsel, except where otherwise indicated:

(i)     outside litigation support vendors;

(ii)    independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation; and

(iii)   non-party fact witnesses in a deposition.  If, however, the attendance of a non-party fact witness at a deposition can only be obtained through compulsory process, the witness need not execute the attached Exhibit A provided that: (1) the witness acknowledges his/her obligation to maintain the confidentiality of "CONFIDENTIAL" information under oath; and (2) such "CONFIDENTIAL" information may only be shown to the witness during the deposition.

(b) Material designated "CONFIDENTIAL - ATTORNEYS EYES ONLY" shall be disclosed only to (1) the Court under seal, (2) the parties' respective outside counsel (including support staff as reasonably necessary), (3) outside stenographic court reporters and language translators (including support staff as reasonably necessary), (4) the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL-ATTORNEYS EYES ONLY" information, (5) such other individuals as the parties may stipulate in writing, and (6) the additional individuals listed in items (i) and (ii) below, provided that such individuals have read this Stipulation and Protective Order and signed an Undertaking in the form attached as Exhibit A which shall be retained in the files of outside counsel, except where otherwise indicated:

    (i)    outside litigation support vendors; and

    (ii)    independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation.

(c) Notwithstanding the forgoing paragraph 4(b), in the event a producing party or a third party elects to produce documents or other materials for inspection, no markings need be made by the producing party or third party in advance of the inspection. All such documents or other materials may be temporarily designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" and shall be treated by the inspecting party as if they were so marked. After selection by the inspecting party of specified documents or material for copying, the producing party shall make its designation under this Protective Order, if any, and the party making copies shall ensure that any copies include any designation made by the producing party.

(d) The persons described in Paragraphs 4(a)(i-iii) and 4(b)(i-ii) shall not have access to either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS

EYES ONLY" information, as the case may be, until they have certified that they have read this Protective Order and have manifested their assent to be bound thereby by signing a copy of the Undertaking attached hereto as Exhibit A. Once a person has executed the Undertaking, it shall not be necessary for that person to sign a separate Undertaking each time that person is subsequently given access to confidential material.

(e) Designated Material shall not be used by a recipient thereof or disclosed for any purposes other than matters involving the violation of a party's intellectual property rights, and such disclosure is under provisions of confidentiality.

(f) Court reporters and interpreters, such as may be present at depositions, shall be presented with a copy of this Protective Order and acknowledge the obligation to be bound by its terms.

(g) Copies and extracts may be made by or for the foregoing persons, provided that all copies and extracts are appropriately marked. All copies and extracts are subject to paragraph 10 of this Order.

(h) Derivative Documents. Documents created in whole or in part with information derived from documents designated under this Protective Order shall be designated in the same manner as the source documents.

(i) Party's Own Information. The restrictions on the use of Confidential Information established by this Protective Order are applicable only to the use of Confidential Information received by a party from another party, or from a nonparty who has claimed its disclosure is confidential.

(j) Authors and Addressees. The designation of any document or thing as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall not preclude any party from showing the document to any person who appears as an author, addressee or recipient on the face of the document.

**6. Designating Documents and Materials**

7

[PROPOSED] ORDER RE AMENDED JOINT STIPULATED PROTECTIVE ORDER

When a party producing documents or things wishes to designate some portion as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY," such designation shall be made in the following manner: (1) For documents, by placing an appropriate legend on each page of the document; (2) For tangible objects, by placing a label or tag on the object or the container therefor, or if not practicable, as otherwise agreed; (3) For written discovery responses, by providing any portion thereof containing Confidential Information in a separate document, appended to the main body of the response (appropriately marked in accordance with paragraph 3(b) hereof) and incorporated by reference therein; (4) For declarations or pleadings, in writing in the declaration or pleading and on the face of any such declaration or pleading; (5) For depositions, following the procedure set forth in paragraph 6 ; and (6) For oral disclosures (other than deposition testimony) which are the subject of paragraph 2(b) above, by oral communication contemporaneous with the disclosure followed by confirmation in writing within 14 calendar days of the disclosure thereof.

### 7. Designating Depositions

(a) Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" by a Designating Person either: (i) during the deposition, in which case the transcript of the designated testimony shall be transcribed on separate pages and marked by the reporter, as the Designating Person may direct, or (ii) by captioned, written notice to the reporter and all counsel of record, given within ten days after the reporter sends written notice that the transcript is available for review, in which case the court reporter shall mark the designated portion in the original transcript as though that portion was timely designated during the deposition session. Counsel receiving such notice shall be responsible for destroying any copies of the improperly designated transcript or portion thereof in their possession or control upon the availability of the properly designated transcript from the court reporter.

Notwithstanding the foregoing, all deposition transcripts and exhibits not previously produced shall be treated as if they had been designated "CONFIDENTIAL - ATTORNEYS EYES ONLY" until ten days after the reporter sends written notice that the transcript is available for review and signature by the witness.

(b)  Where testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 4 of this Order.  The failure of such other persons to comply with a request of this type shall constitute substantial justification for outside counsel to advise the witness he need not answer a question seeking the revelation of confidential information.

(c)  Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the deposition witness is one to whom the exhibit may be disclosed under paragraph 4 of this Order.  In addition, Designated Material may be used by the receiving or non-designating parties in deposing the Designating Person, and in deposing any directors, officers, employees, agents, or attorneys of such Designating Person.

**8. Designation Challenges**

A party may challenge any other party's designation of information or materials produced herein as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" by serving a written objection upon the producing party.  The parties shall confer in good faith as to the validity of the designation within five (5) days after the challenging party has received the notice of the bases for the asserted designation.  To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court within fifteen (15) days after conferring with the producing party, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be

excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Failure to make an application within this period shall constitute a waiver of the objection. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."

### 9. Court Procedures

In accordance with Local Rule 79-5.1 and this Court's standing orders, in applications and motions to the Court, all submissions of Designated Material shall be filed with the Court pursuant to the procedures set forth in this Court's Order entitled *Pilot Program – Instructions to Attorneys – Procedures For Filing Under Seal Documents*.[1]

Unless otherwise ordered by the Court, any hearing which may refer to or describe Designated Material shall be held only after appropriate steps are taken to ensure that the confidentiality of the information is preserved during the hearing.

### 10. Exceptions

The restrictions on dissemination of Confidential Information contained herein shall not apply to information which, prior to disclosure hereunder, is either in the possession or knowledge of the receiving party or person who, absent this Order is under no restriction with respect to the dissemination of such confidential information, or to information which is public knowledge or which, after disclosure, becomes public knowledge other than through an act or omission of a party receiving the information designated under this Order.

---

[1] This document is available at the following link: http://court.cacd.uscourts.gov/CACD/JudgeReq.nsf/0/20a99d8eb7044b3f882579f5006b081b/$FILE/Under%20Seal%20Pilot%20Program%20Procedures%20and%20Schedules.pdf.

**11. No Prejudice**

(a) Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials which are otherwise beyond the permissible scope of discovery. This Order is intended to provide a mechanism for the handling of Confidential Information to which there is no objection to producing or disclosing other than as to its confidentiality.

(b) Nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery.

(c) This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Person consents in writing before the disclosure takes place.

(d) The acceptance of Designated Material shall not constitute an admission or concession or permit an inference that the Confidential Information is, in fact, confidential.

(e) This Order shall be without prejudice to the right of any receiving party or persons to bring before the Court at any time the question of whether any particular information is properly categorized.

(f) The burden of proof with respect to the propriety or correctness in the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall rest on the party making such designations.

(g) A party may seek to make late designations of discovery by stipulation or court order if the party failed to make a timely designation through mistake or inadvertence.

(h) In the event that any Confidential Information is disclosed, either willfully or inadvertently, by a receiving party in contravention of this Order the Confidential Information shall not lose its status through such disclosure and the

disclosing party shall take all steps reasonably required to assure its continued confidentiality.

**12. Final Disposition**

(a) Upon final termination of this action, each receiving party shall be under an obligation to assemble and return to the producing party all Designated Material produced in the terminated action that contains confidential information still subject to this Protective Order, including Derivative Documents and all copies thereof; provided, however, outside counsel of record may elect to destroy any such materials.

(b) Notwithstanding the provisions of paragraph 12(a), outside counsel for a receiving party may retain one copy of pleadings, attorney and consultant work product, Designated Materials and depositions taken in this action which contain confidential information that remains subject to this Protective Order.

**13. Modification and Survival**

The restrictions imposed by this Order may only be modified or terminated by written stipulation of all parties or by order of this Court. This order shall survive termination of this action.

**14. Jurisdiction of this Court**

The Court's jurisdiction to enforce the terms of this Order expires six months after final termination of the action.

Notwithstanding anything to the contrary set forth above, this Order shall not govern any submissions made in connection with dispositive motions or at trial. If protection is desired in connection with those proceedings, it must be sought separately from the judicial officer who will preside, at which point different standards apply than the "good cause" standard for this Protective Order. *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

**IT IS SO ORDERED.**

Dated: November 24, 2014

_____
The Honorable Ralph Zarefsky
United States Magistrate Judge

**EXHIBIT TO JOINT STIPULATED PROTECTIVE ORDER**

I, _____, hereby declare:

    1.    I have received a copy of the Joint Stipulated Protective Order, which is attached hereto and has been entered by the Court ("Protective Order").

    2.    I have read the Protective Order and am fully familiar with its terms.

    3.    I agree to comply with, and be bound by, the Protective Order until relieved by further Order of the Court or by written agreement of the parties.

    4.    I agree to submit to jurisdiction of this Court if any dispute arises over my use of the Confidential Information covered under the Protective Order or over any other issues raised under the Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ___ day of _____, at _____, _____.

_____
(Signature)