| | |
|---|---|
| 1 | Francis S. Ryu, Esq. SBN: 176597<br>Francis@RyuLaw.com |
| 2 | Jennifer Chang, Esq. SBN: 282804<br>Jennifer@RyuLaw.com |
| 3 | **RYU LAW FIRM**<br>5900 Wilshire Boulevard, Suite 2250 |
| 4 | Los Angeles, California 90036<br>Telephone:(323) 931-5270 |
| 5 | Facsimile: (323) 931-5271 |
| 6 | Attorneys for Defendants, |
| 7 | DU HYUN SONG aka DOO<br>HYUN SONG aka DYLAN |
| 8 | SONG, an individula; SUNG<br>YOUN KIM, an individual; MEDIA |
| 9 | JOURNAL, INC., a California<br>corporation; BEST4U, INC. dba |
| 10 | BESTWAY REALTY, a<br>California corporation; CHILBO |
| 11 | MYUNOK USA, LLC, a<br>California limited liability company; |
| 12 | COREA B.B.Q., INC. dba<br>MYUNGDONG TOFU HOUSE, a |
| 13 | California corporation; KEUM S. KANG,<br>an individual dba MISSYLUXY. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 18 | MUNHWA BROADCASTING<br>CORPORATION, a Korean | Case No.: CV14-4213-RGK-RZx |
| 19 | corporation; MBC AMERICA<br>HOLDINGS, INC., a California | Assigned for All Purposes to Hon. R. Gary Klausner |
| 20 | corporation; SEOUL<br>BROADCASTING SYSTEM | **NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF** |
| 21 | INTERNATIONAL, INC., a New<br>York corporation; and KBS | **RECORD FOR DEFENDANTS DU HYUN SONG aka DOO HYUN SONG** |
| 22 | AMERICA, INC., a California<br>corporation, | **aka DYLAN SONG, SUNG YOUN KIM, MEDIA JOURNAL, INC.,** |
| 23 | Plaintiffs, | **BEST4U dba BESTWAY REALTY, AND CHILBO MYUNOK USA, LLC.** |
| 24 | vs. | DATE:   March 2, 2015<br>TIME:   9:00 AM |
| 25 | CREATE NEW TECHNOLOGY<br>(HK) CO. LTD., a Hong Kong | PLACE: Courtroom 850 |
| 26 | Company; HUA YANG<br>INTERNATIONAL (HK) CO., LTD., | *[Declaration of Francis S. Ryu In* |
| 27 | a Hong Kong Company; SHENZHEN<br>GREATVISION TECHNOLOGY | *Support of Motion to Withdraw;*<br>*[Proposed] Order filed concurrently* |
| 28 | LTD., a China Company; DU HYUN | *herewith]* |

1

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11 | SONG aka DOO HYUN SONG aka DYLAN SONG, an individula; SUNG YOUN KIM, an individual; MEDIA JOURNAL, INC., a California corporation; BEST4U, INC. dba BESTWAY REALTY, a California corporation; CHILBO MYUNOK USA, LLC, a California limited liability company; COREA B.B.Q., INC. dba MYUNGDONG TOFU HOUSE, a California corporation; KEUM S. KANG, an individual dba MISSYLUXY; SE JIN O, an individual; GLONET SERVICES, INC., a California Corporation; LAI LAI CHINA BISTRO, INC., a California corporation; CJ WILSHIRE, INC. dba BEUL, a California corporation; and DOES 1 through 10, inclusive,<br><br>            Defendants. |

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 2, 2015 at 9:00 AM in Room 850, The Ryu Law Firm, Francis S. Ryu and Jennifer Chang (collectively, "Withdrawing Counsel"), will and hereby do move to withdraw as counsel of record for defendants DU HYUN SONG aka DOO HYUN SONG AKA DYLAN SONG, SUNG YOUN KIM, MEDIA JOURNAL, INC., BEST4U aka BESTWAY REALTY and CHILBO MYUNOK USA, LLC. ("Defendants") because of Defendants' failure to communicate with Withdrawing Counsel, and Media Journal, Inc.'s failure to pay the agreed upon fees of Withdrawing Counsel.

Further, discovery commenced on or about October 2014, and during its course, the attorney-client relationship between Withdrawing Counsel and Defendants deteriorated. Withdrawing Counsel had attempted to communicate with Defendants, which included, but was limited to communications regarding discovery responses and productions, case management and status conference calls and meetings, deposition schedules, non-payment of fees and withdrawal of counsel from this Court. These attempts at communication proved to be difficult

thereby making continued representation challenging. This noticed motion is necessary for Withdrawing Counsel to be relieved in this case. Further, Media Journal, Inc. has refused and continues to refuse to pay for attorney's fees as agreed upon by the parties.

This motion is based upon this motion, the attached memorandum of points and authorities, the declaration of Francis S. Ryu, and any other oral or documentary evidence that may be presented at or before the hearing on this motion.

Dated: February 19th, 2015

Respectfully submitted,

**RYU LAW FIRM**

By: _____
Francis S. Ryu, Esq.
Jennifer Chang, Esq.
Attorneys for Defendants
DU HYUN SONG aka DOO HYUN SONG aka DYLAN SONG; SUNG YOUN KIM; MEDIA JOURNAL, INC.; BEST4U dba BESTWAY REALTY; CHILBO MYUNOK USA, LLC

## I. INTRODUCTION

This case was commenced on June 2, 2014. Currently, the parties are engaged with discovery. During discovery, it became very difficult for Withdrawing Counsel to timely communication with Defendants; and defendant Media Journal, Inc. failed to abide by the terms of the agreement with counsel by refusing to pay for legal services as they became due. There is now due and owing substantial amount of fees, which makes Withdrawing Counsels continued representation impossible.

## II. FACTUAL AND PROCEDURAL SUMMARY

Withdrawing Counsel is counsel of record for the above-identified Defendants. Discovery commenced in or about October 2014, and Defendants' have complied with all discovery requests by Plaintiffs, including, but not limited to the following:

**Defendant Du Hyun Song aka Doo Hyun Song aka Dylan Song ("Dylan Song")**
1. Requests for Admissions;
2. Requests for Production of Documents;
3. Requests for Interrogatories;
4. Inspection Requests – personal smartphone, iPad; emails

**Defendant Sung Youn Kim**
1. Requests for Admissions;
2. Requests for Production of Documents;
3. Requests for Interrogatories;
4. Inspection Requests – personal laptop hard drive; emails

**Defendant Media Journal, Inc. ("Media Journal")**
1. Requests for Admissions;
2. Requests for Production of Documents;

    3. Requests for Interrogatories;

    4. Inspection Requests – computer hard drive; emails

**Defendant Chilbo Myunok USA, LLC. ("Chilbo Myunok")**

    1. Requests for Admissions;

    2. Requests for Production of Documents; and

    3. Requests for Interrogatories.

Further, the following all day depositions have been scheduled:

    1. Defendant Dylan Song – March 2, 2015;

    2. Defendant Sung Youn Kim – March 3, 2015;

    3. Defendant Media Journal's employee Mi Hye Lim – March, 4, 2015;

    4. Defendant Media Journal – March 5, 2015; and

    5. Defendant Chilbo Myunok – March 17, 2015.

In addition, thousands of documents have been produced "Confidential – Attorneys Eyes Only," and over 5,000 documents have been reviewed for designation as being privileged.

    Despite the myriad of work, however, Media Journal ceased paying Withdrawing Counsel's invoices as agreed upon in the agreement. Specifically, Media Journal had agreed to be responsible for defendants Dylan Song, Sung Youn Kim, Best4U dba Bestway Realty ("Bestway") and Chilbo Myunok's attorney's fees as well as its own. (Ryu Decl. 3, Exhibit A.) By now refusing to pay for the attorney's fees, it has become impossible to continue with Defendants' representation. Further, with regard to defendants Media Journal and Dylan Song, information has been ascertained during discovery that makes Withdrawing Counsel's continued representation untenable. (Ryu Decl. 5, *Id.*)

    Finally, it has been difficult to timely communicate with defendants Sung Youn Kim, Bestway and Chilbo Myunok to gather information and documents to respond to Plaintiffs' discovery requests and production, including deposition scheduling, thereby making Withdrawing Counsel's continued representation

challenging. (Ryu Decl. 6, *Id.*) Withdrawing Counsel gave notice to counsels of record and to Defendants of their intent to withdraw as counsel on or about February 5, 2015[1]. (Ryu Decl. 8, *Id.*)

### III. GOOD CAUSE EXISTS TO RELIEVE WITHDRAWING COUNSEL OF THEIR OBLIGATIONS IN THIS CASE

During their representation of Defendants, Withdrawing Counsel have attempted on multiple occasions to timely communicate with Defendants regarding the past due invoices, supplemental document productions, and scheduling of depositions, to no avail. This has caused a strain in the attorney-client relationship such that continued representation would be challenging, if not impossible. Further, Media Journal has ceased paying for attorney's fees, and continues to refuse to pay such fees as they become duel.

The Local Rules provide that:

> [A]n attorney may not withdraw as counsel except by leave of court. A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action. The motion for leave to withdraw must be supported by good cause. Failure of the client to pay agreed compensation is not necessarily sufficient to establish good cause.

C.D. Cal. Local R. 83-2.3.2.

Regardless, good cause has been found where, "[t]he failure of a client to pay attorney's fees provides a sufficient basis on which to grant a request to withdraw from representation." *Stewart v. Boeing, Co.* 2013 U.S. Dist. LEXIS 87064 (C.D. Cal. 2013).

The California Rules of Professional Conduct permits withdrawal where the client has rendered it "unreasonably difficult to carry out employment effectively" or "breaches an agreement or obligation to the member [of the California State

---

[1] True and correct copies of the notices are attached hereto as Exhibit B.

1  Bar] as to expenses or fees." Cal. R. Prof. Conduct 3-700(C)(1)(d) & (f). Further,
2  counsel "shall not withdraw from employment until [counsel] has taken reasonable
3  steps to avoid reasonably foreseeable prejudice to the rights of the client, including
4  giving due notice to the client" and " allowing time for employment of other
5  counsel …." Cal. R. Prof. Conduct 3-700(A)(2). Here, Withdrawing Counsel gave
6  notice of its intent to withdraw in a timely manner sufficient to allow Defendants
7  an opportunity to procure new counsel.
8      Withdrawing Counsel also attempted to communicate with Defendants for
9  the past several weeks. However, it has been difficult for Withdrawing Counsel to
10 communicate with defendants, Sung Youn Kim, Bestway and Chilbo Myunok to
11 gather information to adequately prepare discovery responses, documents and
12 deposition scheduling, thereby making Withdrawing Counsel's continued
13 representation challenging. (Ryu Decl. 6, Exhibit A.) Further, with regard to
14 defendants, Media Journal and Dylan Song, recently discovered information makes
15 continued representation by Withdrawing Counsel untenable. (Ryu Decl. 5, *Id.*)
16 Moreover, Media Journal's continued refusal to pay the attorney's fees compelled
17 Withdrawing Counsel to give notice on or about February 4, 2015 to all parties,
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  including counsel of records, of Withdrawing Counsel's intent to withdraw as
2  defendants' attorney. (Ryu Decl. 8, *Id.*) Therefore, good cause exists for the Court
3  to relieve Withdrawing Counsel of their obligations in this case.

Dated: February 17, 2015

Respectfully submitted,

**RYU LAW FIRM**

By: _____
Francis S. Ryu
Jennifer Chang, Esq.
Attorneys for Defendants
DU HYUN SONG aka DOO HYUN SONG aka DYLAN SONG; SUNG YOUN KIM; MEDIA JOURNAL, INC.; BEST4U dba BESTWAY REALTY; CHILBO MYUNOK USA, LLC

8
NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD

PROOF OF SERVICE
1013a(3) C.C.P. Revised 5-1-88

STATE OF CALIFORNIA  )
                     ) s.s.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 5900 Wilshire Blvd., Suite 2250, Los Angeles, California 90036.

On February 17, 2015 I served the copy document(s) described below:

NOTICE OF MOTION AND MOTION TO WITHDRAW A COUNSEL OF RECORD FOR DEFENDANTS DU HYUN SONG aka DOO HYUN SONG aka DYLAN SONG, SUNG YOUN KIM, MEDIA JOURNAL, INC., BEST4U dba BESTWAY REALTY, and CHILBO MYUNOK USA, LLC.

( ) (BY FACSIMILE) I placed the document(s) in my office's facsimile machine and faxed the document to those numbers identified above. No error was reported by the fax machine that I used.

(XX) (BY MAIL) I placed the document(s) in a sealed envelope addressed as above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

( ) (BY FEDEX) I placed the document(s) in an envelope or package designated by Federal Express, in a facility regularly maintained by Federal Express, with delivery fees provided for, addressed as above.

( ) (BY PERSONAL SERVICE) I placed the document(s) in a sealed envelope and caused such envelope to be delivered by hand to the addresses(es).

( ) (BY EMAIL)

(XX) (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 17, 2015, at Los Angeles, California.

_____
Jennifer Chang, Esq

*Munhwa / MBC v. Song, et al*
USDC, Central District of California
Case No. 14-cv-04213-RGK-RZx

## SERVICE LIST

| | |
|---|---|
| Brent D. Sokol, Esq.<br>Charlotte S. Wasserstein, Esq.<br>JONES DAY<br>555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, CA 90071.2300<br>Email: bdsokol@JonesDay.com<br>    cswasserstein@JonesDay.com | Counsel for Munhwa Broadcasting Corporation, MBC America Holdings, Inc., Seoul Broadcasting System International, Inc., KBS America, Inc. |
| John Choi, Esq.<br>Kim, Park, Choi & Yi<br>3435 Wilshire Blvd., Suite 2150<br>Los Angeles, CA 90010<br>Email: johnchoi@pcylaw.com | Counsel for Beul |
| Harry A. Zinn, Esq.<br>Lester F. Aponte, Esq.<br>YOUNG, ZINN & BATE LLP<br>888 South Figueroa Street, Fifteenth Floor<br>Los Angeles, CA 90017<br>Email: Hzinn@yzblaw.com<br>    Laponte@yzblaw.com | Counsel for Create New Technology (HK) Co. Ltd. |
| John P. Fry, Esq.<br>MORRIS MANNING & MARTIN LLP<br>3343 Peachtree Road Suite 1600<br>Atlanta, GA 30326<br>Email: jfry@mmmlaw.com | |
| Media Journal<br>Dylan Song<br>621 S. Virgil Ave., Ste. 440<br>Los Angeles, CA 90005 | |

Chilbo Myunok USA, LLC
c/o James Kim
16101 Olivemill Rd.
La Mirada, CA 90638

Sung Youn Kim
6 Tidewater Cove
Buena Park, CA 90621

Best4U dba Bestway Realty
c/o Chris Lim
6131 Orangethorpe Ave., Ste. 495
Buena Park, CA 90620