1  Brent D. Sokol (State Bar No. 167537)
   Charlotte S. Wasserstein (State Bar No. 279442)
2  JONES DAY
   555 South Flower Street
3  Fiftieth Floor
   Los Angeles, CA 90071.2300
4  Telephone: +1.213.489.3939
   Facsimile: +1.213.243.2539
5  bdsokol@JonesDay.com
   cswasserstein@JonesDay.com
6

7  Attorneys for Plaintiffs
   MUNHWA BROADCASTING CORPORATION;
8  MBC AMERICA HOLDINGS, INC; SEOUL
   BROADCASTING SYSTEM INTERNATIONAL,
9  INC.; and KBS AMERICA, INC.

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13 | MUNHWA BROADCASTING          | Case No. CV14-4213-RGK-RZx
   | CORPORATION, *et al.*,
14 |                              | Hon. R. Gary Klausner
   |        Plaintiffs,
15 |   v.
   |                              | **PLAINTIFFS' OPPOSITION
16 | CREATE NEW TECHNOLOGY        | TO THE RYU LAW FIRM'S
   | (HK) CO., LTD., *et al.*,    | MOTION TO WITHDRAW AS
17 |                              | COUNSEL OF RECORD FOR
   |        Defendants.           | DEFENDANTS DU HYUN
18 |                              | SONG AKA DYLAN SONG,
   |                              | SUNG YOUN KIM, MEDIA
19 |                              | JOURNAL, INC., BEST 4U
   |                              | DBA BESTWAY REALTY AND
20 |                              | CHILBO MYUNOK USA, LLC.**

21

22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL

## **TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT ................................................................................ 1

RELEVANT BACKGROUND ................................................................................. 3

ARGUMENT ............................................................................................................. 4

    A.    The Ryu Law Firm's Withdrawal Will Cause Undue Delay and Prejudice Plaintiffs ................................................................................ 5

        1.    Withdrawal Will Delay the Proceedings Because Media Journal, Bestway Realty, and Chilbo Myunok USA, LLC Cannot Continue Without Representation ................................... 5

        2.    Withdrawal Will Also Delay A Decision on Plaintiffs' Summary Judgment Motion, and May Delay Trial ..................... 7

        3.    Withdrawal Will Forestall the Administration of Justice and Reward Defendants' Gamesmanship ................................... 7

    B.    The Ryu Law Firm Has Failed to Demonstrate Good Cause to Support Withdrawal ................................................................................ 8

        1.    The Ryu Firm's Alleged "Difficulty" in Communicating With its Clients Does Not Support Withdrawal ........................ 8

        2.    Media Journal's Alleged Failure to Pay Fees Does Not Justify Withdrawal ...................................................................... 10

        3.    Mysterious Information Allegedly Discovered About Media Journal and Dylan Song Is Insufficient to Support Withdrawal ............................................................................... 11

CONCLUSION ........................................................................................................ 12

PLAINTIFFS' OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL

# TABLE OF AUTHORITIES

Page

**CASES**

*AAA Flag & Banner Mfg. co. v. Flynn Signs and Graphics, Inc.*,
   2010 WL 2402885 (C.D.Cal.2010) ............................................................ 2, 6, 10

*CE Resource, Inc. v. Magellan Group LLC*,
   2009 WL 3367489 (E.D.Cal.2009) ..................................................................... 6

*Darby v. City of Torrance*,
   810 F.Supp. 275 (C.D.Cal. 1992) ...................................................................... 7

*Garrett v. Ruiz*,
   2013 WL 163420 (S.D.Cal. Jan.14, 2013) ................................................ passim

*McNally v. Eye Dog Foundation for the Blind, Inc.*,
   2011 WL 1087117 (E.D. Cal. 2011) .......................................................... passim

*Stewart v. Boeing Co.*,
   2013 WL 1870766 (C.D.Cal. 2013) ................................................................... 9

*Stewart v. Boeing Co.*,
   2013 WL 3168269 (C.D.Cal. 2013) ................................................................. 11

*Thompson v. Special Enforcement, Inc.*,
   2008 WL 4811404 (C.D.Cal. 2008) .......................................................... passim

*U.S. v. Brugnara*,
   2010 WL 1838885 (N.D.Cal. 2010) ................................................................... 2

**OTHER AUTHORITIES**

Local Rule 83 ............................................................................................................ passim

**PRELIMINARY STATEMENT**

The Ryu Law Firm, Francis S. Ryu, and Jennifer Chang's (collectively, the "Ryu Firm") motion to withdraw as counsel of record for defendants Media Journal, Inc., Dylan Song, Sung Youn Kim, Bestway Realty, and Chilbo Myunok USA, LLC (collectively, "Defendants")[1] is Defendants' last ditch effort to delay resolution of this case in violation of Local Rule 83-2.9.2.4, while the infringement of Plaintiffs' copyrights continues unabated. The Ryu Firm seeks to withdraw on the eve of plaintiffs' summary judgment filing, which is set to be filed by April 1, 2015 and heard on or around May 4, 2015.[2] As Defendants and the Ryu Firm know, Plaintiffs' counsel recently came into possession of additional evidence that irrefutably establishes the liability of certain of these Defendants. Allowing the Ryu Firm to tactically withdraw in response to this evidence may also delay the June 16, 2015 trial date as to any outstanding issues, which itself is grounds to deny the Ryu Firm's request. *Thompson v. Special Enforcement, Inc.*, 2008 WL 4811404 at *3 (C.D.Cal. 2008) (refusing to grant request to withdraw because trial was just three months away).

As we will demonstrate, the Ryu Firm fails to show the requisite "good cause" to permit withdrawal at this time.

• *First*, the Ryu Firm claims that continued representation of Defendants is "impossible" due to a recent breakdown in communications. (Mot. at 6:6-10). However, there is nothing to corroborate the Ryu Firm's assertion of a communications breakdown beyond the self-serving and conclusory statements contained in its Motion, which are insufficient. *See McNally v. Eye Dog Foundation for the Blind, Inc.*, 2011 WL 1087117 at *2 (E.D. Cal. 2011) (refusing to permit an attorneys' withdrawal based on alleged "breakdown in

---

[1] The Ryu Firm is apparently not seeking to withdraw as counsel for defendants Keum S. Kang (a Media Journal employee) and Corea BBQ, Inc.

[2] May 4, 2015 is the presumed hearing date based on the motion being filed by the April 1, 2015 cut-off set forth in the Court's scheduling order. (Dkt. No. 95.)

1

PLAINTIFFS' OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL

communications," where attorney failed to submit any substantive evidence supporting that claim). The alleged communication breakdown is also belied by fact that the Ryu Firm appears to have continuous and regular communications with most of the Defendants, including Media Journal, Dylan Song, Sung Young Kim, and Chilbo Myunok regarding the litigation. In fact, the Ryu Firm recently prepared extensive document productions and written discovery responses on behalf of *all* Defendants within the last 30-60 days, with the Defendants' assistance. Moreover, the Ryu Firm has indicated in multiple e-mail correspondence that it continues to work with Defendants to prepare for Defendants' upcoming depositions, which are scheduled to begin ***this week***. (Mot. at 5:7-12.)

- *Second*, the Ryu Firm claims that it must withdraw because Media Journal is "now refusing to pay" its attorneys' fees. (Mot. at 6:11-20.) But as the Ryu Firm admits, the failure to pay agreed upon fees alone is generally not good cause to withdraw.[3] (*Id*.) Moreover, the Ryu Firm submits just one set of letters addressed to each of its clients, dated February 4, 2015,[4] purporting to show that Media Journal has failed to pay the collective Defendants' fees in the amount of $50,000. This evidence of non-payment is insufficient to support withdrawal. The Ryu Firm presents no evidence to corroborate its claim of unpaid fees (such as redacted bills or prior correspondence reflecting how long the bills have been due and owing). Nor does it explain what efforts it has taken to collect these fees or rectify this situation beyond simply seeking to withdraw. Withdrawal based on unpaid fees appears, at this juncture, to be premature.

- *Third*, the Ryu Firm contends that it cannot continue to represent

---

[3] Although the Ryu Firm cites to an outdated version of Local Rule 83-2.3.2, case law confirms that the failure to pay fees alone is generally not good cause to support withdrawal, particularly when other factors weigh against permitting withdrawal, such as when withdrawal would leave a corporate entity unrepresented or cause undue delay. *See AAA Flag & Banner Mfg. co. v. Flynn Signs and Graphics, Inc.*, 2010 WL 2402885 at * 2 (C.D.Cal.2010); *McNally*, 2011 WL 1087117 at *2; *U.S. v. Brugnara*, 2010 WL 1838885 at *2 (N.D.Cal. 2010).

[4] Some of the letters appear to be erroneously dated February 4, 201<u>4</u>.

defendants Media Journal and Dylan Song based on "recently discovered information" that makes representation "untenable." (Mot. at 7:13-15.) However, the Ryu Firm fails to explain what that information is, or why its discovery makes representation untenable. This mysterious information, without more, should be disregarded by the Court.

Because permitting withdrawal under these circumstances will delay the prosecution of this case and prejudice Plaintiffs, and because the Ryu Firm lacks good cause to withdraw, Plaintiffs respectfully request the Motion be denied in its entirety. In the alternative, Plaintiffs request that the Ryu Firm be required to remain as counsel of record for Defendants until: (1) the Court issues its decision on Plaintiffs' soon-to-be-filed summary judgment motion, which is due to be heard on or around May 4, 2015 (just five weeks after this Motion is heard on March 23, 2015), or (2) until new counsel for the entity Defendants, who cannot represent themselves *pro se*, are retained. L.R. 83-2.10.1.

## RELEVANT BACKGROUND

Plaintiffs Munhwa Broadcasting Corporation, MBC America Holdings, Inc., Seoul Broadcasting System International, Inc., and KBS America, Inc. (collectively "Plaintiffs") filed their complaint against the Defendants on June 2, 2014, alleging various violations of copyright and unfair competition laws for Defendants' promotion, sales and use of TVPads. (Dkt. No. 1.)

The Ryu Firm was retained by Defendants a short time thereafter, sometime in June 2014. (Ryu Decl. at ¶ 3.) Since that time, the Ryu Firm has ingrained itself in these proceedings and vigorously defended its clients, including by opposing two injunction motions (Dkt. Nos. 23, 45), filing answers and affirmative defenses denying Plaintiffs' allegations (Dkt. Nos. 59-63, 113), filing numerous documents with the Court, including initial disclosures and various stipulations with Plaintiffs (Dkt. Nos. 96, 97, 99, 103, 130), reviewing thousands of documents for production (including reviewing Defendants' computers or PDAs for relevant documents),

engaging in extensive written discovery, including multiple rounds of meet and confer, and most recently, meeting and conferring with Plaintiffs' counsel to coordinate Defendants' numerous upcoming depositions scheduled to take place this month, which the Ryu Firm has conceded it will attend and defend. (Sokol Decl. at ¶¶ 2-3.)

Now that Plaintiffs possess indisputable evidence of willful copyright infringement implicating certain of the Defendants and others, the Ryu Firm seeks to escape from the mess it helped create and further Defendants' efforts to delay resolution of this case on the merits. Indeed, Defendants have produced documents to Plaintiffs demonstrating certain Defendants' willful infringement of Plaintiffs' copyrights; promotion of the TVPad devices specifically and exclusively for infringing uses; newspaper advertisements (funded by defendant Create) promoting TVPad applications that display unauthorized copyrighted material; receipt of infringement applications (or "apps") from Create, who emailed the applications in ZIP files to the Defendants in Los Angeles, for those local Defendants to install onto TVPads before being sold to customers; and legal notices circulated amongst the Defendants conceding that any inducement of end users to view unauthorized copyrighted work through apps would constitute copyright infringement.[5] Defendants now attempt to delay these proceedings under the guise of a breakdown in attorney-client communications, an alleged failure pay attorneys' fees, and the discovery of unspecified and undisclosed information about Media Journal and Dylan Song.

## **ARGUMENT**

An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court. *Thompson*, 2008 WL 4811404 at *1; *Garrett v. Ruiz*,

---

[5] All of this evidence will be submitted to the Court in Plaintiffs' summary judgment motion.

2013 WL 163420 at *2 (S.D.Cal. Jan.14, 2013). Local Rule 83-2.9.2.4 requires that "[u]nless good cause is shown and the ends of justice require, ***no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion***. L.R. 83-2.9.2.4 (emphasis added). As explained below, this Court should exercise its discretion and deny the Ryu Firm's Motion.

    A.    <u>The Ryu Law Firm's Withdrawal Will Cause Undue Delay and Prejudice Plaintiffs</u>.

"In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the ***prejudice*** withdrawal may cause to other litigants; (3) the ***harm*** withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will ***delay the resolution of the case***." *Garrett*, 2013 WL 163420 at *2 (emphasis added). "Ultimately, the court's ruling must involve a balancing of the equities." *Id.* Here, the Ryu Firm's withdrawal would prejudice Plaintiffs, harm the interests of justice, and delay prosecution of the case.

    1.    <u>Withdrawal Will Delay the Proceedings Because Media Journal, Bestway Realty, and Chilbo Myunok USA, LLC Cannot Continue Without Representation</u>.

Local Rule 83-2.10.1 provides that: "[a] corporation including a limited liability corporation, a partnership including a limited liability partnership, an unincorporated association, or a trust ***may not appear in any action or proceeding pro se***." (emphasis added). Keenly aware that its withdrawal would leave Media Journal, Bestway Realty and Chilbo Myunok USA, LLC (the "Corporate Defendants") unrepresented, the Ryu Firm still seeks to withdraw and abandon these Corporate Defendants without offering any alternative solutions to the Court.[6]

---

[6] The Ryu Firm's February 4, 2015 letters to the Corporate Defendants state that these entities are "not able to appear pro se in federal court because [they] are corporation[s]," but otherwise fail to explain the ramifications to the Corporate Defendants of proceeding *pro se*, such as the potential for default. (Mot., Exh. B.) This alone should be grounds to deny the Ryu Firm's request to withdraw. *Thompson*, 2008 WL 4811404 at *1 (noting that a withdrawal request is properly denied where counsel fails to explain the ***consequences*** of withdrawal and inability of corporation to appear *pro se*).

5
PLAINTIFFS' OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL

Other District Courts in California have denied counsel's request to withdraw and abandon their corporate client in similar circumstances. For example, in *CE Resource, Inc. v. Magellan Group, LLC*, the District Court stated:

> A grant of the attorney's motion to withdraw would ***effectively place the Magellan Corporation in immediate violation of local rules*** as they would no longer have counsel to represent them…. Thus, in order to protect Magellan's own interests before the tribunal, ***this Court cannot grant the Motion to Withdraw***. …

2009 WL 3367489 at *2 (E.D.Cal. 2009) (emphasis added); *see also AAA Flag & Banner Mfg.*, 2010 WL 2402885 at *2. The *Magellan* Court further noted:

> Nor will this Court allow the undue delay to ***other litigants*** that would result from waiting for a party, who is apparently uninterested in litigation, to begrudgingly locate an attorney to assist them in continuing the litigation they seek to avoid. *Id.* (emphasis added).

Here, permitting the Ryu Firm to withdraw would leave the Corporate Defendants in immediate violation of the Local Rules. Moreover, the Motion is devoid of any information indicating the Defendants' position on the Ryu Firm's withdrawal, including whether the Corporate Defendants consent or object. Allowing withdrawal and leaving the Corporate Defendants unrepresented would also delay Plaintiffs' ability to prosecute the case to completion, because it is unclear how or whether the Corporate Defendants will retain new counsel. This is particularly true given the Ryu Firm's representation that defendant Media Journal is "going out of business," and cannot pay its fees.[7] (Sokol Decl. at ¶ 4, Exh B.)

Finally, while the Ryu Firm claims that "Withdrawing Counsel gave notice of its intent to withdraw in a timely manner sufficient to allow Defendants an opportunity to procure new counsel," that alleged notice was only provided on February 4, 2015, just ***four weeks*** ago. (Mot. at 7:5-7, Exh. B.) The Ryu Firm

---

[7] The representation that Media Journal is going out of business and thus cannot pay its attorneys $50,000 in fees appears contradicted by Media Journal's own discovery responses, which state that in the past 14 months, Media Journal "received approximately $430,250 in gross revenue from the sale of TVPads." (Sokol Decl. at ¶ 5, Exh. C.)

submits no evidence demonstrating Defendants actually received those communications or are even aware of the fact that the Ryu Firm seeks to withdraw as their counsel at the eleventh hour of these proceedings.

    2. <u>Withdrawal Will Also Delay A Decision on Plaintiffs' Summary Judgment Motion, and May Delay Trial</u>.

Courts routinely deny requests to withdraw where withdrawal will delay the proceedings. *Thompson*, 2008 WL 4811404 at *3. In *Thompson*, Judge Virginia Phillips of the Central District denied a counsel's request to withdraw in identical circumstances, where trial was just three months away:

> ***Trial in this case is set for January 27, 2009; it is now the end of October***. ….Obtaining new counsel may take some time and, ***given the proximity of the trial date, the new counsel would likely seek a continuance of the trial date to become familiar with the case***…. Viewing the totality of the circumstances in this case, ***Plaintiff would be prejudiced by the delay caused by Mr. Liebaert's withdrawal***.

*Thompson*, 2008 WL 4811404 at *3 (emphasis added) (internal citations omitted).

Defendants and the Ryu Firm appear to have made the strategic decision to seek to delay a ruling on the merits. Indeed, based on the timing of the Ryu Firm's attempted withdrawal, Plaintiffs believe the motion is simply a strategic ploy by Defendants, and defendant Create who has financed the Ryu Firm's legal efforts, to forestall a decision on Plaintiffs' summary judgment motion or delay the June 16, 2015 trial date. Such a tactic, and the resulting delay it will cause, should not be condoned. *McNally*, 2011 WL 1087117 at *2 (refusing to permit an attorneys' withdrawal because of delay); *Darby v. City of Torrance*, 810 F.Supp. 275, 276 (C.D.Cal. 1992) (applying local rules and prohibiting withdrawal because of resulting delay in prosecution of case).

    3. <u>Withdrawal Will Forestall the Administration of Justice and Reward Defendants' Gamesmanship</u>.

Withdrawal as counsel of record should also be foreclosed where the

administration of justice would be hindered or harmed. *McNally*, 2011 WL 1087117 at *2 ("[The Court] also find[s] the withdrawal will hinder the administration of justice and will delay the ultimate resolution of this litigation.")

Permitting withdrawal now, on the eve of summary judgment and just three months before trial, would prejudice Plaintiffs—given the ongoing infringement of Plaintiffs' rights due to certain of Defendants' conduct—and would harm the administration of justice. *McNally*, 2011 WL 1087117 at *2. This is particularly true here, as Plaintiffs now possess significant evidence which confirms Defendants' liability and willful infringement.

### B. The Ryu Law Firm Has Failed to Demonstrate Good Cause to Support Withdrawal.

As noted above, Local Rule 83-2.9.2.4 requires that "[u]nless ***good cause is shown and the ends of justice require***, no substitution or relief of attorney will be approved that will cause ***delay in prosecution of the case to completion***. L.R. 83-2.9.2.4 (emphasis added). Here, there is no question the Ryu Firm's withdrawal will delay the proceedings. Therefore, the Ryu Firm must demonstrate that it has good cause to withdraw, which it fails to do.

#### 1. The Ryu Firm's Alleged "Difficulty" in Communicating With its Clients Does Not Support Withdrawal.

In its Motion, the Ryu Firm repeatedly asserts that it has had "difficulties" communicating with Defendants Sung Young Kim, Bestway Realty, and Chilbo Myunok to "gather information and documents to respond to Plaintiffs' discovery requests and production, including deposition scheduling, thereby making Withdrawing Counsel's continued representation ***challenging***." (Mot. at 5:25-6:1; 7:8-13) (emphasis added). However, "difficult" or "challenging" representation alone is not sufficient good cause to withdraw.

Indeed, the Court in *Thompson* rejected the exact same argument. In that case, defendants' counsel argued that because communicating with one of his

clients had become "challenging," "the attorney-client relationship ha[d] been broken to the point where it [could not] be retrieved." *Thompson*, 2008 WL 4811404 at *2. In response, the Court stated:

> It would be inequitable to allow Liebaert to avoid his responsibility for his client in this ***case simply because the representation is difficult; the difficulty posed to counsel is outweighed by the prejudice to Plaintiff in the form of delaying the litigation-or worse-that would be caused by counsel's withdrawal***. These circumstances ***do not amount to "good cause" for withdrawal***. The interest of justice requires the Court to deny this Second Motion. *Id.* (emphasis added).

Moreover, there is also nothing before the Court to corroborate the Ryu Firm's claims of a communication breakdown:

> As to Mr. Harrison's [counsel's] contention that Defendants have failed to provide him with the information necessary to oppose the motion for summary judgment and his assertion that there is an ***irremediable breakdown of communications with Defendants***, the Court has ***nothing before it to corroborate that statement***. While the attorney-client privilege prevents Mr. Harrison from setting forth details regarding the communication breakdown on the record, he vaguely states that "[c]ommunication with Defendants in one respect has been hindered and proven impossible in others," ***and makes no attempt to request to file a sealed declaration regarding these events***.

*McNally*, 2011 WL 1087117 at *2. The Ryu Firm must provide this Court with more than just conclusory statements to support its claim of a communication breakdown which makes continued representation impossible. *See Stewart v. Boeing, Co.*, 2013 WL 1870766 at *1 (C.D.Cal.2013 ) ("Counsel does not specify in its moving papers what 'communication breakdown' has occurred or how it has made representation of Mr. Stewart unreasonably difficult, let alone impossible. Counsel also fails to offer evidence of any measures it took to rectify this breakdown of communication with its client.") To the extent that information is privileged, the Ryu Firm should have sought to submit it under seal, or for *in camera* inspection. It did neither.

9
PLAINTIFFS' OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL

Finally, the Ryu Firm appears to still be in contact with most or all of the Defendants. Indeed, the Ryu Firm is representing the Defendants in upcoming depositions, including the depositions of, Sung Youn Kim on March 3, 2015, Dylan Song on March 4, 2015 , 2015, Media Journal's 30(b)6 witness on March 5, 2015, Media Journal's employee Mi Hye Lim on March 10, and Chilbo Myunok's 30(b)(6) on March 16, 2015. (Sokol Decl. at ¶ 3.) Thus, the Ryu Firm's claim of a communication breakdown is at least partly contradicted by the facts.

### 2. Media Journal's Alleged Failure to Pay Fees Does Not Justify Withdrawal.

Next, the Ryu Firm claims: "[b]y now refusing to pay for attorneys' fees, it has become impossible to continue with Defendants' representation." (Mot. at 5:20-24.) While unpaid fees might warrant withdrawal in some cases, the totality of the circumstances here, including leaving the Corporate Defendants unrepresented and the prejudice to Plaintiffs caused by the resulting delay, weigh against permitting withdrawal. *AAA Flag & Banner Mfg. Co.*, 2010 WL 2402885 at * 2; *McNally*, 2011 WL 1087117 at *2. Again, *McNally*, is instructive:

> Even if Defendants had not paid Mr. Harrison anything—which is most certainly not the case here—this does not require the Court to relieve Mr. Harrison of the representation. Further, prejudice to a party's counsel ***is not one of the factors traditionally weighed by courts in considering motions to withdraw***, and in light of the posture of this case, the Court finds it a particularly inappropriate factor here.

2011 WL 1087117 at *2. Here, the Ryu Firm is seeking to withdraw for the precise reasons rejected by the Court in *McNally*—alleged prejudice to the Ryu Firm for not being paid. But prejudice to the Ryu Firm is typically not a factor courts consider in weighing a motion to withdraw.[8]

---

[8] Although prejudice to withdrawing counsel is not usually a factor considered in the withdrawal analysis (*Mcnally,* 2011 WL 1087117 at *2), even if it were, the purported prejudice to the Ryu Firm to remain as counsel for Defendants is minimal given that the Ryu Firm will still be required to defend Keum S. Kang (a Media Journal employee) and Correa B.B.Q on summary judgment (and/or at trial), likely making the same legal arguments in defense of all of its clients.

The evidence the Ryu Firm submits in support of its claim of unpaid fees is also inadequate and does not support withdrawal.  The Ryu Firm attaches one set of letters allegedly sent to each of its clients on February 4, 2015, just four weeks ago, explaining the circumstances of its withdrawal.  (Mot., Exh. B.)  However, the Ryu Firm presents no evidence reflecting how long the bills have been allegedly due and owing; no evidence to demonstrate its efforts to collect its fees from Media Journal (or the non-Media Journal Defendants); no evidence to show what proportion of total fees the unpaid $50,000 represents; and no evidence explaining his clients' position on the fee issue—to the extent each Defendant even received the February 4, 2015 letter and are aware that the Ryu Firm is now seeking to withdraw.

Finally, the Ryu Firm's reliance on *Stewart v. Boeing, Co.*—the one and only case cited in the Ryu Firm's motion—is misplaced.  (Mot. at 6:21-24.)  That case actually supports Plaintiffs, as the Court denied counsel's initial request to withdraw due to "insufficient evidentiary support for the Court to permit withdrawal."  2013 WL 3168269 at *1.  That case is otherwise distinguishable for a number of reasons, including because the Court found (when it eventually did permit counsel to withdraw months later) there would be no resulting prejudice to other parties, no undue delay caused by the withdrawal, and because the attorneys' fees remained unpaid for well over 18 months.  *Id.* at *2.

### 3. Mysterious Information Allegedly Discovered About Media Journal and Dylan Song Is Insufficient to Support Withdrawal.

Finally, the Ryu Firm contends that it cannot continue to represent Media Journal and Dylan Song because it "recently discovered information" that makes its representation of these defendants "untenable." (Mot. at 5:22-24; 7:13-15.) However, the Court should disregard these statements given that the Ryu Firm makes no effort to explain what that information is, why it makes representation untenable, or why it could not disclose such information to the Court or to Plaintiffs' counsel.  (Sokol Decl. at ¶ 6, Exh D.)

# CONCLUSION

It would be inequitable to allow the Ryu Firm to withdraw as counsel for Defendants on the eve of Plaintiffs' summary judgment filing, and with trial scheduled just three months away. Accordingly, Plaintiffs respectfully request the Motion be denied in its entirety. In the alternative, Plaintiffs request that at minimum the Ryu Firm be required to remain as counsel of record for Defendants until the Court issues its decision on Plaintiffs' summary judgment motion, or until new counsel for the entity Defendants, who cannot represent themselves *pro se,* are retained.

Dated: March 2, 2015              JONES DAY

By: */S/ Brent D. Sokol*
       Brent D. Sokol

Attorneys for Plaintiffs
MUNHWA BROADCASTING CORPORATION; MBC AMERICA HOLDINGS, INC; SEOUL BROADCASTING SYSTEM INTERNATIONAL, INC.; and KBS AMERICA, INC.