1  Brent D. Sokol (State Bar No. 167537)
   Charlotte S. Wasserstein (State Bar No. 279442)
2  JONES DAY
3  555 South Flower Street
   Fiftieth Floor
4  Los Angeles, CA  90071.2300
   Telephone:  +1.213.489.3939
5  Facsimile:  +1.213.243.2539
   Email:        bdsokol@JonesDay.com
6  Email:        cswasserstein@JonesDay.com

7  Attorneys for Plaintiffs
   MUNHWA BROADCASTING
8  CORPORATION; MBC AMERICA
   HOLDINGS, INC; SEOUL BROADCASTING
9  SYSTEM INTERNATIONAL, INC.; and KBS
   AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUNHWA BROADCASTING CORPORATION, et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>CREATE NEW TECHNOLOGY (HK) CO. LTD., et al.,<br><br>         Defendants. | Case No. CV14-4213-RGK-RZx<br><br>Assigned for all purposes to Hon. R. Gary Klausner<br><br>**PLAINTIFFS' *EX PARTE* APPLICATION TO EXTEND DEFENDANT CREATE'S DISCOVERY RESPONSE DEADLINES AND TO ENLARGE PAGE LIMITS**<br><br>[Declaration of Charlotte S. Wasserstein and Proposed Order filed concurrently herewith]<br><br>Complaint Filed:     June 2, 2014<br>Discovery Cutoff:    March 19, 2015<br>Pretrial Conf. Date: June 1, 2015<br>Trial Date:          June 16, 2015 |

**PLAINTIFFS' *EX PARTE* APP. TO EXTEND DEADLINES AND ENLARGE PAGE LIMITS**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiffs Munhwa Broadcasting Corporation, MBC America Holdings, Inc., Seoul Broadcasting System International, Inc., and KBS America, Inc. (collectively, "Plaintiffs") hereby apply *ex parte* to this Court pursuant to Local Rule 7-19 for an order (1) amending the Scheduling Order to extend the discovery cutoff for Defendant Create New Technology (HK) Co. Ltd. to produce documents by March 27, 2015, and produce deposition witnesses by April 13, 2015; (2) amending the Scheduling Order such that the motion cutoff is set for April 30, 2015; and (3) enlarging the page limits applicable to Plaintiffs' anticipated motion for summary judgment.

This *ex parte* application is based on the following facts, as set forth in greater detail in the accompanying Memorandum of Points and Authorities:

Documents, testimony and investigation in this case so far indicate that Create's documents and witnesses will be crucial to Plaintiffs' prosecution of this case, as Create is at the center of the massive global copyright infringement piracy ring this suit targets.

At the Scheduling Conference on October 6, 2014, this Court ruled pursuant to Fed. R. Civ. P. 16(b) that the discovery cutoff is March 19, 2015, and the motion cut off is April 1, 2015. (Dkt. 95.) On November 28, 2014, Plaintiffs timely filed a Second Amended Complaint ("SAC") in compliance with the Scheduling Order. (Dkt. 104, 110.) On January 6, 2015, Defendant Create was served with the SAC. By stipulation of the parties, Create answered the SAC on February 10, 2015. (Dkt. 123.)

On February 17, 2015, Plaintiffs personally served Create with interrogatories, requests for admission and requests for production, with a response date falling within the Scheduling Order's discovery cutoff. Plaintiffs also promptly noticed depositions for Create and three of Create's key employees in time for those depositions to take place on or before the March 19, 2015 discovery

cut-off. (Wasserstein Decl. ¶ 7.) In contrast, Create did not timely serve Plaintiffs with *any* written discovery.[1] (*Id*. ¶ 10.) Meanwhile, testimony and documents received in this case establish that Create was reimbursing many of the other Defendants' legal fees in this case from its inception. (*Id*. ¶ 19.)

Create has represented that it cannot respond to Plaintiffs' timely-served and -noticed discovery requests and deposition notices. (*Id*. ¶ 11.) At Create's request, Plaintiffs are amenable to providing a short extension to Create so that it may produce documents and witnesses in response to Plaintiffs' timely-served discovery, and by this *ex parte* application seek the Court's permission to provide it. Plaintiffs request therefore that the Court amend the Scheduling Order to extend the discovery cutoff so as to require Create to produce documents by March 27, 2015; produce deposition witnesses by April 13, 2015; and comply with its obligation to provide written responses to Plaintiffs' requests for production, requests for admission and interrogatories by the current discovery cutoff of March 19, 2015.

Create itself has moved the Court for an amendment to the Scheduling Order, in part to allow it to extend the time for compliance with the applicable Court deadlines. (Dkt. 135.) The reasons Plaintiffs both will oppose Create's motion and file the instant *ex parte* application are simple: (1) Create did not file its motion until it was too late for the Court to hear it prior to the existing discovery cutoff; and (2) there is no basis for the Court to provide Create (or any other Defendant) an extension to *serve additional discovery* on Plaintiffs. Plaintiffs wish to be reasonable but cannot agree to permit Create to comply past the discovery cutoff without Court permission. As such, Plaintiffs by this *ex parte* application seek an order requesting the Court extend *only Create's deadline to respond* to Plaintiffs'

---

[1] On Friday, March 6, 2015, Create served Plaintiffs with requests for production, interrogatories and deposition notices. (Wasserstein Decl. ¶ 9.) The written discovery specified that responses were due "thirty days after service" thereof; that date, of course, falls after the current discovery cutoff of March 19, 2015.

2

**PLAINTIFFS'** ***EX PARTE*** **APP. TO EXTEND DEADLINES AND ENLARGE PAGE LIMITS**

1  timely served discovery requests and deposition notices, and a concomitant
2  extension of the motion cutoff.
3     Furthermore, Plaintiffs seek to extend the page limits applicable to its
4  anticipated summary judgment motion such that Plaintiffs' opening brief would be
5  40 pages in length, Defendants' opposition would be 40 pages in length, and
6  Plaintiffs' reply would be 20 pages in length.  There is good cause to permit this
7  enlargement, as required by this Court's Standing Order, because Plaintiffs
8  anticipate moving for summary judgment against *all answering Defendants on all*
9  *eight claims*.  The large number of Defendants and claims provide the requisite
10 good cause to support an order enlarging the page limits.
11                                              * * *
12     On March 9, 2015, Plaintiffs informed Defendant Create of the substance of
13 this *ex parte* application, and on March 10, 2015, Create informed Plaintiffs it
14 would oppose it.  (Wasserstein Decl. ¶ 21.)   On March 10, 2015, Plaintiffs
15 informed counsel for all but one of the other Defendants who have appeared in this
16 action, the Ryu Law Firm, indicated it would not oppose the application.
17 (Wasserstein Decl. ¶ 22.)
18     As required by Local Rule 7-19, Plaintiffs hereby state that Defendants
19 Media Journal, Inc., Dylan Song, Sung Youn Kim, Bestway Realty, Chilbo
20 Myunok USA, LLC, Myungdong Tofu House and Keum S. Kang are represented
21 by Francis Ryu and Jennifer Chang of the Ryu Law Firm, 5900 Wilshire Blvd.,
22 Suite 2250, Los Angeles, CA  90036, (323) 931-5270.  Defendant Beul is
23 represented by John Choi, Esq., Kim, Park, Choi & Yi, 3435 Wilshire Blvd., Suite
24 2150, Los Angeles, CA  90010, (213) 384-7600.  Defendant Create New
25 Technology (HK) Co. Ltd. is represented by Harry A. Zinn and Lester F. Aponte of
26 Young, Zinn & Bate LLP, 888 South Figueroa Street, Fifteenth Floor, Los Angeles,
27 California 90017, (213) 362-1860, and John P. Fry, Morris Manning & Martin
28 LLP, 3343 Peachtree Road, Suite 1600, Atlanta, GA 30326, (404) 233-7000.

1 (Wasserstein Decl. ¶ 23.)

2     This Application is based on the concurrently-filed Memorandum of Points and Authorities, Declaration of Charlotte S. Wasserstein and accompanying exhibits, all matters of which the Court may take judicial notice, the pleadings and papers on file in this action and such oral and documentary evidence as may be presented at the hearing on this *ex parte* application, if any.

Dated:     March 12, 2015     JONES DAY

By: */s/ Brent D. Sokol*
       Brent D. Sokol

Attorneys for Plaintiffs
MUNHWA BROADCASTING CORPORATION; MBC AMERICA HOLDINGS, INC; SEOUL BROADCASTING SYSTEM INTERNATIONAL, INC.; and KBS AMERICA, INC.