| | |
|---|---|
| 1 | Harry A. Zinn (SBN 116397) |
| 2 | hzinn@yzblaw.com |
|   | Lester F. Aponte (SBN 143692) |
| 3 | laponte@yzblaw.com |
| 4 | YOUNG, ZINN & BATE LLP |
|   | 888 South Figueroa Street, Fifteenth Floor |
| 5 | Los Angeles, California 90017 |
| 6 | Telephone: (213) 362-1860 |
|   | Facsimile:  (213) 362-1861 |


---
Harry A. Zinn (SBN 116397)
hzinn@yzblaw.com
Lester F. Aponte (SBN 143692)
laponte@yzblaw.com
YOUNG, ZINN & BATE LLP
888 South Figueroa Street, Fifteenth Floor
Los Angeles, California 90017
Telephone: (213) 362-1860
Facsimile:  (213) 362-1861

John P. Fry (admitted *Pro Hac Vice*)
jfry@mmmlaw.com
MORRIS MANNING & MARTIN LLP
3343 Peachtree Road Suite 1600
Atlanta, GA 30326
Telephone: (404) 233-7000
Facsimile: (404) 365-9532

Attorneys for Defendant
CREATE NEW TECHNOLOGY (HK) CO. LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MUNHWA BROADCASTING CORPORATION, a Korean corporation; MBC AMERICA HOLDINGS, INC., a California corporation; SEOUL BROADCASTING SYSTEM INTERNATIONAL, INC., a New York corporation; and KBS AMERICA, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs. | Case No.  CV14-4213-RGK-RZx<br><br>Assigned for all purposes to:<br>Honorable R. Gary Klausner<br><br>**DEFENDANT CREATE NEW TECHNOLOGY (HK) CO. LTD.'S OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION TO EXTEND DEFENDANT CREATE'S DISCOVERY RESPONSE DEADLINES AND TO ENLARGE PAGE LIMITS** |

CREATE'S OPP. TO PLAINTIFFS' *EX PARTE* APPLICATION

| | |
|---|---|
| 1 | |
| 2 | CREATE NEW TECHNOLOGY (HK) CO. LTD., a Hong Kong Company, HUA YANG INTERNATIONAL (HK) CO. LTD., a Hong Kong Company, SHENZHEN GREATVISION NETWORK TECHNOLOGY CO., LTD., a China company, DU HYUN SONG aka DOO HYUN SONG aka DYLAN SONG, an individual; SUNG YOUN KIM, an individual; MEDIA JOURNAL, INC., a California corporation; BEST4U, INC. dba BESTWAY REALTY, a California corporation; CHILBO MYUNOK USA, LLC, a California limited liability company; COREA B.B.Q., INC. dba MYUNGDONG TOFU HOUSE, a California corporation; KEUM S. KANG, an individual dba MISSYLUXY; SE JIN O, an individual; GLONET SERVICES, INC., a California corporation; LAI LAI CHINA BISTRO, INC., a California corporation; CJ Wilshire, Inc. d/b/a BEUL, a California corporation; and DOES 1 through 10, inclusive, |
| 21 | Defendants. |

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

TABLE OF CONTENTS

I. INTRODUCTION ...........................................................................................1

II. ARGUMENT..................................................................................................1

III. CONCLUSION ..............................................................................................5

## Table of Authorities

Page(s)

**Cases**

*Roth v. BASF Corp.*,
　No. 2:07-cv-00106, 2008 WL 4163127 (W.D. Wash. Sept. 4, 2008) .............. 2, 3

**Other Authorities**

California Rule of Professional Conduct, Rule 3-310(F)(1) ........................................ 2

## I. INTRODUCTION

Defendant Create New Technology (HK) Co. Ltd. ("Create") does not oppose an extension of the discovery cut-off date *for all parties* (*see* Dkt. No. 135, "Create's Motion for an Extension"), but opposes Plaintiffs' *Ex Parte* Application to Extend Defendant Create's Discovery Response Deadlines and to Enlarge Page Limits (hereinafter, "Plaintiffs' *Ex Parte* Application") because extending discovery unilaterally for Plaintiffs' sole benefit is not fair to Create.

Plaintiffs raise concerns about the current motion cut-off date and the propriety of the parties conducting discovery outside of the impending cut-off date set by this Court in October. Create respectfully suggests that the Court resolve these concerns by granting Create's Motion for an Extension on the pleadings and denying Plaintiffs' *Ex Parte* Application. Create's Motion seeks to extend the discovery cut-off date for all parties to April 13, 2015, and extend the motion cut-off date to April 20, 2015, while maintaining the current trial date of June 16, 2015. (Dkt. No. 135, "Proposed Order.")

## II. ARGUMENT

Plaintiffs' *Ex Parte* Application is extraordinary and apparently unprecedented in the relief it seeks – namely, to limit Create to five weeks of discovery in a complex case asserting claims of indirect copyright and trademark infringement, among multiple other counts. As explained in Create's Motion for an Extension, Create had only *three days* after filing its Answer to then serve written discovery such that the responses would have been due within the existing discovery cut-off date. (*See* Create's Motion for an Extension at 5.) Courts routinely find prejudice in such circumstances. (*See Id.* at 7-8.)

Plaintiffs suggest that this extraordinary relief is appropriate because Create has allegedly been working with defendant Media Journal on this litigation and paying Media Journal's legal fees. (*See* Wasserstein Decl. ¶ 19.) However, Plaintiffs' declaration on this point is contradicted by other evidence: Mr. Francis

1  Ryu, counsel for Media Journal, has declared that Media Journal failed to pay
2  attorney fees as far back as August 2014, and since that time has only made "token"
3  payments. (Dkt. No. 136-1 ¶¶7-11.) Moreover, even if Create had been paying
4  legal fees, Create would have had no power to interfere in the attorney-client
5  relationship between Mr. Ryu and Media Journal. *See* California Rule of
6  Professional Conduct, Rule 3-310(F)(1) ("A member shall not accept compensation
7  for representing a client from one other than the client unless . . . There is no
8  interference with the member's independence of professional judgment or with the
9  client-lawyer relationship."). Simply put, Plaintiffs' limited showing is not
10 sufficient to justify the extraordinary relief they seek.
11     Courts have rejected arguments that a later-named party's prior involvement
12 in a case may justify abbreviated discovery. *See, e.g., Roth v. BASF Corp.*, No.
13 2:07-cv-00106, 2008 WL 4163127 (W.D. Wash. Sept. 4, 2008). In *Roth*, a personal
14 injury suit, defendants filed a third party complaint alleging contribution and
15 indemnity claims against RHI and Fairchild in September, 2007. *Id.* at *2. One
16 year later, in August 2008, the plaintiff sought to file an amended complaint naming
17 RHI and Fairchild as defendants. *Id.* Trial was scheduled for January 5, 2009, only
18 five months later. *Id.* The court agreed to allow the amended complaint but, over
19 opposition by plaintiff Roth, the court also extended discovery and the trial date by
20 about six months. *Id.* at *4-5. The court found that even though RHI and Fairchild
21 had been involved in the case for over one year in response to the indemnity and
22 contribution claims, the amended complaint "naming them as first party defendants
23 *completely changes the legal landscape.*" *Id.* at *4 (emphasis added). The court
24 continued: "Now RHI and Fairchild will have to respond to the product liability
25 claims which underlie Plaintiff's case-in-chief, which requires an entirely different
26 (and more complex) level of legal analysis and investigation." *Id.* The plaintiff also
27 argued that RHI and Fairchild had known of the case much earlier. *Id.* at *5. The
28 court found this argument unconvincing: "[t]hese defendants had no reason to know

1 that they would be required to respond to Plaintiff's underlying legal claims and
2 theories, and Plaintiff cites no evidence to suggest that they should have known."
3 *Id.*
4      Here, even if Create had been involved in Media Journal's legal defense, the
5 legal landscape for Create changed dramatically on February 10, when it filed its
6 Answer and entered this case. Media Journal is a small, Los Angeles based retailer
7 of the TVpad. (*See* Dkt. No. 52, "Declaration of Du Hyun Song *aka* Dylan Song in
8 Support of Defendants' Opposition to Plaintiffs' Motion for Preliminary
9 Injunction."). It is one of approximately 200 such retailers in California alone, (*Id.* ¶
10 4), and much larger retailers sell the TVpad, (*Id.* at ¶¶ 6-7). In great contrast to
11 Plaintiffs' claims against Media Journal and other small distributors, the Corrected
12 Second Amended Complaint alleges claims against Create regarding the *entire U.S.*
13 *distribution of TVpads*. (*See* Dkt. No. 110.) The legal and financial risk to Create is
14 orders of magnitude greater than the legal and financial risk to Media Journal. Thus,
15 even if Create had been involved in Media Journal's legal defense, the dramatic
16 change in the legal landscape would justify an extension of discovery for Create.
17      In *Roth*, the court also found the plaintiff's concern about further delay "rings
18 hollow" because plaintiff was on notice of RHI and Fairchild's relevance since they
19 had been named as third-party defendants in September, 2007, yet plaintiff waited
20 nine months later to name them as defendants. *Roth*, 2008 WL 4163127, at *5.
21      Similarly, Plaintiffs were far from diligent in adding Create to this case. As
22 detailed in Create's Motion for an Extension, Plaintiffs' could have named Create in
23 the original complaint filed on June 2, 2014, yet instead waited *seven months*, until
24 January 6, 2015, to name Create as a defendant. (Create's Motion for an Extension
25 at 1, 8-9.) Although Plaintiffs now assert that "it has become clear that Create is the
26 mastermind . . . .," (Plaintiffs' *Ex Parte* Application at 1), this Court identified
27 Create's "central" role in the allegations on August 25, 2014, before discovery had
28 even begun, (Dkt. No. 85 at 2). After filing the Corrected Second Amended

Complaint on January 6, 2015, Plaintiffs then waited another month to serve Create. (Create's Motion for an Extension at 9.)

In contrast, Create has been diligent. On March 6, 2015, *only two days after receiving Plaintiffs' Initial Disclosures*, Create served written discovery requests on Plaintiffs. (*See* Create's Motion for an Extension at 4.) Create filed its Motion for an Extension to permit Plaintiffs time to respond to those requests. Without that extension, Create will receive no meaningful discovery in this case, despite its diligence. As discussed in Create's Motion for an Extension, this would be to the detriment not only of Create, but also this Court, because vigorous discovery will put Plaintiffs' facts and legal theories to the test, and likely narrow the issues significantly before summary judgment motions and trial.

In addition, Plaintiffs' proposed order is unworkable. As discussed in Create's Motion for an Extension, the undersigned counsel has never represented this client before and is just beginning to establish a working attorney-client relationship. (Create's Motion for an Extension at 4.) Making things more difficult, Create is based in a foreign country half-way around the world and Create's representative was travelling for two weeks until February 24, 2015. (*Id.*) Plaintiffs' recognize that Create does not expect to be able to respond to Plaintiffs' written discovery requests by March 19. (*See* Wasserstein Decl. ¶ 11.) Yet, the proposed order maintains that date for Create's responses. Create will be in violation of the proposed order in less than a week, requiring additional intervention by this Court.

Finally, it is premature to consider Plaintiffs' request for additional pages for its proposed summary judgment motion. Discovery is ongoing and Plaintiffs acknowledge that they are awaiting production of "highly material" witnesses and documents. (*See* Plaintiffs' *Ex Parte* Application at 1.)

III. **CONCLUSION**

Defendant Create requests that the Court deny Plaintiffs' *Ex Parte* Application and instead grant Create's Motion for an Extension.

DATED: March 13, 2015         MORRIS MANNING & MARTIN LLP

By: /s/ John P. Fry
JOHN P. FRY
Attorneys for Defendant
CREATE NEW TECHNOLOGY (HK) CO. LTD.

# PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of 18 and not a party to the within action. My business address is 888 S. Figueroa Street, 15th Floor, Los Angeles, California 90017.

On March 13, 2015, I hereby certify that I electronically filed the foregoing document described as **DEFENDANT CREATE NEW TECHNOLOGY (HK) CO. LTD.'S OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION TO EXTEND DEFENDANT CREATE'S DISCOVERY RESPONSE DEADLINES AND TO ENLARGE PAGE LIMITS** with the Clerk of the Court for the United States District Court, Central District of California. Participants in the case who are registered users will be served by the CM/ECF system, electronically transmitted on the following interested parties in this action:

| | |
|---|---|
| Edward San Chang<br>Jones Day<br>3161 Michelson Drive, Suite 800<br>Irvine, CA 92612<br>949-851-3939<br>949-553-7539 (fax)<br>echang@jonesday.com | Brent D Sokol<br>Jones Day<br>555 South Flower Street, 50th Floor<br>Los Angeles, CA 90071<br>213-489-3939<br>213-243-2539 (fax)<br>bdsokol@jonesday.com |
| Charlotte Wasserstein<br>Jones Day<br>555 South Flower Street, 50th Floor<br>Los Angeles, CA 90071<br>213-243-2489<br>213-243-2539 (fax)<br>cswasserstein@jonesday.com | Daniel Jung-Hwan Lee<br>Ross, Wersching, and Wolcott, LLP<br>3151 Airway Avenue, Building S1<br>Costa Mesa, CA 92626<br>714-444-3900<br>714-444-3901 (fax)<br>djl@rossllp.com |
| Eric J Wersching<br>Ross, Wersching, and Wolcott, LLP<br>3151 Airway Avenue, Building S1<br>Costa Mesa, CA 92626<br>714-444-3900<br>714-444-3901 (fax)<br>ejw@rossllp.com | Alan G Ross<br>Ross, Wersching, and Wolcott, LLP<br>3151 Airway Avenue, Building S1<br>Costa Mesa, CA 92626<br>714-444-3900<br>714-444-3901 (fax)<br>agr@rossllp.com |
| Francis S Ryu | Jennifer So Young Chang |

| | |
|---|---|
| Ryu Law Firm<br>5900 Wilshire Boulevard, Suite 2250<br>Los Angeles, CA 90036<br>323-931-5270<br>323-931-5271 (fax)<br>francis@ryulaw.com | Ryu Law Firm<br>5900 Wilshire Boulevard, Suite 2250<br>Los Angeles, CA 90036<br>323-931-5270<br>323-931-5271 (fax)<br>jennifer@ryulaw.com |
| John Hyongjo Choi<br>Kim Park Choi and Yi APLC<br>3435 Wilshire Boulevard, Suite 2150<br>Los Angeles, CA 90010<br>213-384-7600<br>johnchoi@kpcylaw.com | |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 13, 2015, at Los Angeles, California.

*Patty Flores*
Patty Flores