UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUNHWA BROADCASTING CORPORATION, *et al.*,<br><br>    Plaintiffs,<br>    v.<br><br>CREATE NEW TECHNOLOGY (HK) CO. LTD., *et al.*,<br><br>    Defendants. | Case No. CV14-4213-RGK-RZx<br><br>Assigned for all purposes to Hon. R. Gary Klausner<br><br>**[PROPOSED] ORDER RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CREATE NEW TECHNOLOGY (HK) CO. LTD. AND PERMANENT INJUNCTION** |

NAI-1500442464v2

**[PROPOSED] ORDER  RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CREATE NEW TECHNOLOGY (HK) CO. LTD. AND PERMANENT INJUNCTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

The Court, having considered the Motion for Default Judgment And Permanent Injunction ("Motion") of Plaintiffs Munhwa Broadcasting Corporation, MBC America Holdings, Inc., Seoul Broadcasting System International, Inc., and KBS America, Inc. (collectively, "Plaintiffs") against Defendant Create New Technology (HK) Co. Ltd. ("Defendant" or "Create"), and good cause appearing therefore, IT IS HEREBY ORDERED that Plaintiffs' Motion is GRANTED, and this Judgment shall be and is hereby entered against Create in the above-captioned action as follows:

1. This Court has jurisdiction over Create and over the subject matter in issue based on 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a), as well as 15 U.S.C. § 1121(a). This Court further has continuing jurisdiction to enforce the terms and provisions of this Judgment and Permanent Injunction. Venue is also proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as well as 28 U.S.C. § 1400(b).

2. The Court finds that Plaintiffs' copyrights listed in **Exhibits A to C** hereto are valid and enforceable.

3. The Court finds that Plaintiffs' trademarks listed in **Exhibit D to F** hereto are valid and enforceable.

4. The Court finds that Create committed the acts referred to in Plaintiffs' Motion for Entry of Default Judgment And Permanent Injunction Against Create New Technology (HK) Co. Ltd. and that Create's acts constitute:

   (a) copyright infringement of Plaintiffs' copyrights, including the copyrights listed in **Exhibits A to C** hereto, under the copyright laws of the United States, 17 U.S.C. § 101, et seq.;

   (b) federal trademark infringement of Plaintiffs' trademarks, federal false designation of origin, and federal unfair competition under the Trademark (Lanham) Act of 1946, as amended, 15 U.S.C. § 1051, et seq.;

NAI-1500442464v2

1

**[PROPOSED] ORDER RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CREATE NEW TECHNOLOGY (HK) CO. LTD. AND PERMANENT INJUNCTION**

    (c) violation of the Digital Millennium Copyright Act pursuant to 17 U.S.C. §1201, et seq.;

    (d) common law trademark infringement;

    (e) statutory unfair competition under California Business and Professions Code § 17200, et seq.; and

    (f) common law unfair competition.

5.  Defendant is ordered to pay damages to Plaintiffs in the amount of $358,741,454.

6.  Defendant is ordered to pay pre-judgment interest accruing as of the start of infringement in the amount of $20,726,941.

7.  Defendant is ordered to pay to Plaintiffs post-judgment interest on the amount of judgment at a statutory rate pursuant to 28 U.S.C. § 1961(a).

8.  Defendant is ordered to pay Plaintiffs' attorneys' fees and non-taxable costs in the amount to be determined following entry of judgment.

9.  For the purposes of the following Permanent Injunction, the following definitions shall apply:

  a. "Defendant" shall mean Create;

  b. "Plaintiffs' Copyrighted Works" shall mean each of those works, or portions thereof, whether now in existence or later created, in which the Plaintiffs, or any of them (or any parent, subsidiary or affiliate of any of the Plaintiffs) owns or controls a valid and subsisting exclusive right under the United States Copyright Act, 17 U.S.C. §§ 101, et seq., including without limitation all copyrighted works identified in **Exhibits A through C** hereto;

  c. "TVpad Device" shall mean the transmission apparatuses marketed as TVpad (including TVpad2, TVpad3 and TVpad4), and any other devices that offer the Infringing TVpad

  Applications (as defined in Paragraph 9(f) below);

 d. "TVpad Store" shall mean any combination of software and/or services whereby an individual can select and download software applications for use on the TVpad Device;

 e. "TVpad Applications" shall mean software applications and associated services that are designed for use on the TVpad Device;

 f. "Infringing TVpad Applications" shall mean any TVpad Application or similar application whereby Plaintiffs' Copyrighted Works are publicly performed without authorization by transmission to members of the public, including but not limited to the TVpad Applications identified in **Exhibit G** hereto;

 g. "TVpad System and Service" shall mean the data transmission service marketed under the name TVpad, the TVpad Device, TVpad Store, TVpad Applications, Infringing TVpad Applications, and any other apparatuses, servers, trackers, websites, software, and electronic data that make up or support such data transmission service;

 h. "Comparable System and Service" shall mean any data transmission service that provides users unauthorized access to Plaintiffs' Copyrighted Works and the apparatuses, servers, trackers, websites, software, and electronic data that provides users access to Plaintiffs' Copyrighted Works, using any peer-to-peer or internet based transmission, file sharing or content delivery technology; and

 i. "Marks" collectively and "MBC Marks", "SBS Marks" and "KBS Marks", respectively, shall mean the trademarks

NAI-1500442464v2

3

**[PROPOSED] ORDER RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANT CREATE NEW TECHNOLOGY (HK) CO. LTD. AND PERMANENT INJUNCTION**

identified in **Exhibits D to F** hereto.

10. Defendant, and all of its parents, subsidiaries, affiliates, officers, directors, agents, servants, employees, attorneys, and all persons or entities acting in active concert or participation with them who receive actual notice of this Order (collectively, the "Enjoined Parties") shall be permanently enjoined from engaging in any of the following activities:

   a. Transmitting, retransmitting, streaming, tracking, hosting, publicly performing, or otherwise providing unauthorized access to, directly or indirectly, by means of any device or process, Plaintiffs' Copyrighted Works;

   b. Authorizing, hosting, reproducing, downloading, providing links to, or otherwise distributing or assisting in the distribution or use of the Infringing TVpad Applications, including without limitation offering them in the TVpad Store, loading them onto any TVpad Device, or providing them to consumers on separate media;

   c. Creating or providing assistance to others who wish to create an Infringing TVpad Application;

   d. Advertising, displaying, marketing or otherwise promoting any of the Infringing TVpad Applications, including without limitation publicly displaying any of the Plaintiffs' Copyrighted Works in connection therewith or in connection with the TVpad Device, the TVpad System and Service or any Comparable System and Service;

   e. Distributing, selling, advertising, marketing, or promoting any TVpad Device, TVpad System and Service or Comparable System and Service that contains, connects to, or offers for download, transmits, assists in the transmission of, streams,

NAI-1500442464v2

4

**[PROPOSED] ORDER RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CREATE NEW TECHNOLOGY (HK) CO. LTD. AND PERMANENT INJUNCTION**

         hosts, or otherwise publicly performs or provides access to, directly or indirectly, by means of any device or process, Plaintiffs' Copyrighted Works;

    f. Providing the means used to distribute, sell, advertise, market, or promote any TVpad Device, TVpad System and Service or Comparable System and Service that contains, connects to, or offers for download, transmits, assists in the transmission of, streams, hosts, or otherwise publicly performs or provides access to, directly or indirectly, by means of any device or process, Plaintiffs' Copyrighted Works, or offering access to or controlling servers which contain any of the Copyrighted Works;

    g. Assisting with end-user reproductions or transmissions of any of Plaintiffs' Copyrighted Works through a tracker server, or any other server or software that assists users in locating, identifying or obtaining reproductions or transmissions of any of Plaintiffs' Copyrighted Works, including from other users offering reproductions or transmissions of any of Plaintiffs' Copyrighted Works;

    h. Hosting transmission of or otherwise providing unauthorized access to any of Plaintiffs' Copyrighted Works;

    i. Assisting in or requesting unauthorized transmission of any of Plaintiffs' Copyrighted Works;

    j. Transmitting without authorization any of Plaintiffs' Copyrighted Works; and

    k. Otherwise infringing rights in Plaintiffs' Copyrighted Works, whether directly, secondarily, by active inducement, contributorily, vicariously or in any other manner.

NAI-1500442464v2

5

[PROPOSED] ORDER RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANT CREATE NEW TECHNOLOGY (HK) CO. LTD. AND PERMANENT INJUNCTION

11. The Enjoined Parties shall further be immediately and permanently enjoined from engaging in any activities having the object or effect of fostering infringement of Plaintiffs' Copyrighted Works, whether through the Infringing TVpad Applications or otherwise, including without limitation, by engaging in any of the following activities:

    a. Advertising, linking to or promoting access to or the availability of Plaintiffs' Copyrighted Works or the Infringing TVpad Applications;

    b. Encouraging or soliciting others to transmit or reproduce Plaintiffs' Copyrighted Works or the Infringing TVpad Applications;

    c. Encouraging or soliciting others to upload, post or index any files that constitute, correspond, point or lead to any of the Copyrighted Works or the Infringing TVpad Applications;

    d. Encouraging or soliciting others to offer transmission of Plaintiffs' Copyrighted Works or the Infringing TVpad Applications;

    e. Providing technical assistance, support services or servers to others engaged in infringement of, or seeking to infringe, Plaintiffs' Copyrighted Works, including those who distribute the Infringing TVpad Applications;

    f. Creating, maintaining, highlighting or otherwise providing access to lists that include, refer to or signal the availability of Plaintiffs' Copyrighted Works or the Infringing TVpad Applications;

    g. Including references to Plaintiffs' Copyrighted Works or the Infringing TVpad Applications in promotional material;

    h. Creating, maintaining or providing access to the Infringing

NAI-1500442464v2

6

[PROPOSED] ORDER RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CREATE NEW TECHNOLOGY (HK) CO. LTD. AND PERMANENT INJUNCTION

TVpad Applications; and

    i. Transferring or redirecting users of the TVpad System and Service to any Comparable System and Service.

12. The terms of Paragraphs 10 and 11 of this Permanent Injunction shall not apply to any of Plaintiffs' Copyrighted Works for which Defendant has obtained express written authorization or license for the use being made of such Copyrighted Work from each Plaintiff that owns or controls the rights to such Copyrighted Work, provided such authorization or license is in force and valid at the time of Defendant's use of the Copyrighted Work.

13. The Enjoined Parties shall not enter into any agreement or transaction whatsoever to sell, lease, license, assign, convey, distribute, loan, encumber, pledge or otherwise transfer, whether or not for consideration or compensation, any part of the system, software, source code, data files, other technology, domain names, trademarks, brands, or files used in connection with the TVpad System and Service or any Comparable System.

14. The Enjoined Parties shall within 14 days of entry of judgment identify all domain names and IP addresses and the physical locations of all servers owned, leased or operated by any of the Enjoined Parties that are used in connection with the activities enjoined herein.

15. The Enjoined Parties are further hereby permanently enjoined from engaging in any of the following activities:

    a. Using the MBC Marks, SBS Marks, KBS Marks, or any other mark, design, reproduction, copy, or symbol that is a colorable imitation thereof, or confusingly similar thereto, in connection with broadcasting or entertainment services, or related goods or services, not originating from or authorized by Plaintiffs;

    b. Using the MBC Marks, SBS Marks, KBS Marks, or any other mark, design, reproduction, copy, or symbol that is a colorable

NAI-1500442464v2

7

[PROPOSED] ORDER RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CREATE NEW TECHNOLOGY (HK) CO. LTD. AND PERMANENT INJUNCTION

imitation thereof, in any manner likely to cause confusion, to cause mistake, or to deceive the consuming public;

    c. Representing in any manner, or by any method whatsoever, that goods and services provided by any Enjoined Party is licensed, sponsored, approved, authorized by, or originate from Plaintiffs or otherwise taking any action likely to cause confusion, mistake, or deception as to the origin, approval, sponsorship, or license of such goods or services;

    d. Committing any acts calculated or likely to cause consumers to believe that any Enjoined Party's products and services are authorized by Plaintiffs unless they receive express written authorization from Plaintiffs to so state;

    e. Infringing or diluting (whether directly or indirectly) the distinctive quality of Plaintiffs' Marks; and

    f. Unfairly competing with Plaintiffs in any manner.

16. Service by mail upon Defendant of a copy of this Final Judgment and Permanent Injunction once entered by the Court is deemed sufficient notice to Defendant under Federal Rule of Civil Procedure 65.  It shall not be necessary for Defendant to sign any form of acknowledgement of service.

17. This Permanent Injunction shall bind the Enjoined Parties.  Defendant shall provide a copy of this Permanent Injunction to each of its respective officers, agents, servants, employees, attorneys, principals, shareholders, current and future administrators or moderators for the TVpad System and Service (or Comparable System and Service) or any online forums associated with the TVpad System and Service (or Comparable System), its TVpad System and Service providers, and any domain name registries or registrars responsible for any domain names used in connection with the TVpad System and Service (or Comparable System and Service).

NAI-1500442464v2

8

[PROPOSED] ORDER RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CREATE NEW TECHNOLOGY (HK) CO. LTD. AND PERMANENT INJUNCTION

18. As the Court has personal jurisdiction over Defendant and has concluded that the conduct of Defendant unlawfully induces infringement, materially contributes to infringement, and vicariously infringes Plaintiffs' Copyrighted Works in the United States under the copyright laws of the United States, and further constitutes violation of the Digital Millennium Copyright Act and the Federal Lanham Act, this Permanent Injunction enjoins the conduct of Defendant and the other Enjoined Parties wherever any or all of them may be found.

19. United States Copyright law does not require that both parties be located in the United States. Under 17 U.S.C. § 106, the acts of transmitting, uploading and downloading are each independent grounds of copyright infringement liability. Each transmission, download or upload of Plaintiffs' Copyrighted Works violates Plaintiffs' copyrights if even a single United States based user is involved in the "swarm" process of distributing, transmitting, or receiving a portion of a computer file containing Plaintiffs' copyrighted content.

20. Within 14 days of the date the Court enters this Permanent Injunction, Defendant shall file and serve a report in writing and under oath setting forth in detail the manner and form with which Defendant has complied with the Permanent Injunction, and all information required under Paragraph 14.

21. The Court finds there is no just reason for delay in entering this Judgment and, pursuant to Fed. R. Civ. P. 54(a), the Court directs immediate entry of this Judgment.

22. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment.

23. Violation of this Injunction shall expose Defendant and all other Enjoined Parties to all applicable penalties and further orders, including contempt of Court.

NAI-1500442464v2

9

[PROPOSED] ORDER RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CREATE NEW TECHNOLOGY (HK) CO. LTD. AND PERMANENT INJUNCTION

**SO ORDERED**.

Dated:_____

HON. R. GARY KLAUSNER
United States District Judge

Presented by:

Brent D. Sokol (SBN 167537)
Charlotte S. Wasserstein (SBN 279442)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071.2300
Telephone: +1.213.489.3939
Facsimile: +1.213.243.2539
bdsokol@JonesDay.com
cswasserstein@JonesDay.com

Attorneys for Plaintiffs
MUNHWA BROADCASTING CORPORATION; MBC AMERICA HOLDINGS, INC.; SEOUL BROADCASTING SYSTEM INTERNATIONAL, INC.; and KBS AMERICA, INC

NAI-1500442464v2

10

**[PROPOSED] ORDER RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CREATE NEW TECHNOLOGY (HK) CO. LTD. AND PERMANENT INJUNCTION**